**[J-5-2020][M.O. - Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE:  J.W.B. AND R.D.B., MINORS

APPEAL OF:  L.B., FATHER

:  No. 93 MAP 2019
:
:  Appeal from the Order of the Superior
:  Court at No. 215 MDA 2019 dated
:  7/12/19, reconsideration denied
:  8/29/19, affirming the decree dated
:  1/4/19 by the Lycoming County Court of
:  Common Pleas, Orphans' Court
:  Division at No. 6608
:
:  ARGUED:  March 10, 2020


**CONCURRING AND DISSENTING OPINION**


**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  June 16, 2020**


I join the majority opinion, except for its pronouncement that the express provision in Section 2711(c) of the Adoption Act pertaining to out-of-state consents merely supplements other provisions of the statute as an accommodation for the validity of procedures for consents to adoption of sister states.  *See* Majority Opinion, *slip op.* at 20.  On this point, I find the statute to be ambiguous and would reserve judgment for a case in which such a conclusion is material to the outcome and in which advocacy is presented referencing the tools of statutory construction.

The majority appears to adopt a default rule that the Legislature's specification of a procedure is not exclusive unless the relevant statute so provides.  *See id.* at 19 ("[T]he statutory  language on which Father relies  does not indicate, or even suggest, that the law of the state in which the consenting parent resides shall *exclusively* govern

in Pennsylvania adoption proceedings[.]" (emphasis in original)). However, as applied in some settings at least, such a rule would be in tension with the general presumption that statutory remedial procedures are intended to be exclusive. *See White v. Conestoga Tile Ins. Co.*, 617 Pa. 498, 519, 53 A.3d 720, 733 (2012). Additionally, in the present context -- where two statutory provisions facially apply but would suggest different outcomes -- the presumption that the specific (here, the terms addressing consents by out-of-state residents) should control over the general may pertain. *See* 1 Pa.C.S. §1933.

Certainly, the majority's assessment is not unreasonable, particularly when viewed against the present facts. Nevertheless, I have not surveyed the law of fifty states to determine whether any have implemented measures protective of their own citizens who are parents of out-of-state children. And I do not discount that the Legislature, via Section 2711(c), may have sought to defer to the policies of sister states that have chosen to do so, relative to safeguards extended to their own citizens.

Here, however, as the majority observes and Justice Todd highlights, the provisions of Colorado law relied upon by Appellant are simply inapplicable. *See* Majority Opinion, *slip op.* at 20 n.7. And it would be an unreasonable application of Section 2711(c) to conclude that the statute requires the application of the law of another state that simply does not pertain. *See* 1 Pa.C.S. §1922(1) (embodying the presumption that the General Assembly does not intend a result that is unreasonable or incapable of execution). To me, this rationale would serve as the most preferable basis to resolve the present appeal, and in this respect, my thoughts dovetail with those of Justice Todd.